Hughes, Appellant, *v.* Chaplin.

Argued March 21, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Edward F. Peduzzi,* with him *Myers, Taylor & Peduzzi,* for appellant.

*P. D. Larimer,* with him *Englehart, Larimer & Englehart* and *Whitsett & Lee,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, May 27, 1957:

In this action of trespass plaintiff seeks damages for defendants' removal of coal allegedly owned by her. She now appeals from an order of the court below refusing her motion to take off compulsory nonsuit entered after the close of her testimony.

The record establishes that certain coal lands were sold to the county commissioners at treasurer's sale in 1930, the coal having been assessed as "W. W. McEwen Estate, mineral S. Walker, 500 acres." The court having overruled defendants' objections thereto, this deed was admitted in evidence; and plaintiff then sought to establish the regularity of the proceedings. It was shown that the records established only one advertisement of the treasurer's sale in one newspaper, whereas the act required advertisement for three weeks in two newspapers. The records failed to disclose that notice of sale had been served on the owner or terre tenant as required.

In addition, plaintiff's evidence established that the petition, by which the commissioners obtained an order to sell at private sale in 1943, averred that only 65

acres of the W. W. McEwen coal was being sold; and that in 1951, the commissioners filed a petition to correct the earlier deed to permit transfer on the record of the entire 500 acres. As to this petition it was admitted that it had not been advertised nor had notice been given to taxing authorities or the public, as required.

The evidence also disclosed that of some 4100 properties advertised for sale, the records indicated that notices had been sent only to 738 owners or terre tenants.

As declared in *Beacon v. Robison,* 157 Pa. Superior Ct. 515, 521, 43 A. 2d 640, ". . . a *prima facie* presumption of the regularity of the acts of public officers exists until the contrary appears. Such a presumption is a procedural expedient: Watkins v. Prudential Insurance Co., 315 Pa. 497, 173 A. 644. In tax sales it is particularly suitable." Thus plaintiff had made out a prima facie case to sustain her title by producing the county treasurer's and commissioners' deeds. See *Tremont Township School District Appeal,* 366 Pa. 404, 409, 77 A. 2d 403.

But plaintiff did not stop with mere submission of the deeds. She then attempted to establish the regularity of the proceedings leading up to their execution and delivery. In doing so, she established irregularity and overcame the presumption in her favor. The records and testimony introduced by plaintiff failed to show compliance with statutory requirements of notice to owner, and of advertisement of sale. This was fatal to her claim of title. Nor did she offer any proof to overcome the effect of this deficiency in the records. Her contention that the records established only that they were "incomplete, missing, or partially destroyed" cannot be sustained, for there was no such proof. She did not sustain the duty she imposed upon herself to overcome the effect of the record she made; that is, she did

not then establish that all of the steps required by statute had been taken. Unfortunately, that deficiency is not supplied by the record in this case, nor can we supply it by conjecture as to the reason why the treasurer's records do not show that the procedural requirements were met.

We must take the record as we find it; and it fails to sustain her position. The owner could not be deprived of his land without strict compliance with the statute regulating the sales; to hold otherwise would permit of taking one's land without due process of law, since proper notice was not given: *Hess v. Westerwick*, 366 Pa. 90, 76 A. 2d 745. Having shown that notice was not given nor advertisement made, as required, the action of the court in entering nonsuit was proper: *Luther v. Pennsylvania Game Commission*, 381 Pa. 442, 113 A. 2d 314.

Judgment affirmed.