Isaac L. Lapp and Ruth A. Lapp, his wife, Appellants *v.* County of Chester, Tax Claim Bureau and Tom Swift, Appellees.

Argued March 2, 1982, before President Judge
CRUMLISH and Judges ROGERS, BLATT, MACPHAIL and
DOYLE.

*Frank J. Williams*, with him *Susan P. Windle,
Weiss, Hagner & Williams*, for appellants.

*Wayne C. Buckwalter*, with him *Fred T. Cadmus,
III, Cadmus, Patten and Werner*, for appellee, Tom
Swift.

OPINION BY JUDGE MACPHAIL, June 4, 1982:

Isaac L. and Ruth A. Lapp (Appellants) appealed
here from an order of the Court of Common Pleas of
Chester County which denied their petition to set aside
a tax sale by the Tax Claim Bureau of Chester County.
We affirm.

The underlying facts follow:

The Tax Claim Bureau had a lien on Appellants'
property for unpaid county taxes for the years 1977
and 1978. Notice of the tax claim and notice of the
tax sale were sent to "Lapp, Isaac L. and Ruth A.,
Box 145A, Gap, Pennsylvania 19527" in early July,
1979. This address was obtained by the Tax Claim
Bureau from the Tax Assessment Office of Chester
County. The return postal receipt accompanying the
notice of the tax sale was signed by Ruth A. Lapp

showing the date of delivery thereof as July 6, 1979. Appellants are husband and wife who resided together in Gap, Pennsylvania at the time of these notices. Ruth A. Lapp identified the signature on the return postal receipt as her own. She said she placed the envelope and its contents on the counter for her husband to see, as was her custom. Mr. Lapp could not recall whether he saw that mail or not. The deputy sheriff testified that he posted Appellants' premises with a Notice of Tax Sale on August 2, 1979 at 1:05 P.M. The deputy sheriff further testified that he had an independent recollection of posting the tax sale notice by attaching it with scotch tape to the glass sliding door on Appellants' business premises, the premises which was the subject of the tax sale.

On September 10, 1979, Appellants' property which was the subject of the Tax Sale Notice, was sold to Mr. Swift for $2,400, a sum in excess of the upset price. Appellants' had purchased the property in 1972 for $40,000.

In this appeal, the issues presented by Appellants are:

(1) Whether the September 10, 1979 tax sale of their property should be set aside because the notice sent to the property owners did not comply with Section 602 of the Real Estate Tax Sale Law (Act), Act of July 7, 1947, P.L. 1368, Art. VI, §602, *as amended*, 72 P.S. §5860.602 and the case law interpretation of that section and (2) whether the price paid for the property was so grossly inadequate that the tax sale should be set aside.

Regarding the notice issue, Appellants' arguments are that a single notice addressed to Mr. and Mrs. Lapp does not fulfill the statutory requirement and the method used by the deputy sheriff to post the property was inadequate.

Appellants admit as they must, that the opinion in *Teslovich v. Johnson,* 486 Pa. 622, 406 A.2d 1374 (1979), which requires a notice to *each* owner of the premises in the event of a tax sale, whether or not such persons are married and whether or not they reside together, specifically stated that the decision would be given prospective application only and that its effective date would be 30 days from the date of the filing of the decision which was October 23, 1979. It is clear that *Teslovich* does not apply to the facts of this case, notwithstanding Appellants' contention that the prospective ruling deprives them of due process and the unconstitutional deprivation of their property. Our Supreme Court has spoken and we are bound by what they have said.

Appellants next question whether the property was posted, and if it was, whether the method used was reasonable. As we have noted, the deputy sheriff testified from his independent recollection that he did post the property and that the notice was posted on a clear glass sliding door through which could be seen the merchandise Appellants had in stock. Mr. Lapp's testimony was somewhat equivocal. At first, he testified that he had "no recollection" of the notice, then he said he never saw it but added, "I just don't recall". Mr. Lapp did admit that he had taken down another sheriff's sale notice from the same door at approximately the same time that the tax sale notice was posted but said he did not "recall" any others, adding "Maybe this one was. I don't recall." Mrs. Lapp said she could not remember if she knew the property was sold or *was going to be sold.*

In the alternative, Appellants claim that the placing of the notice on a glass door with scotch tape is not compliance with the "posting requirements" of the Act. Section 602(e)(3) states that

Each property scheduled for sale shall be posted at least ten (10) days prior to sale.

Nothing in the Act prescribes the method of posting. In the absence of specific statutory requirements, we hold that the method used must be reasonable and such as would likely inform the taxpayer of the intended sale of the premises. We are well satisfied that the place where the notice was posted was conspicuous; the question is whether the notice was reasonably secured to the door. In this respect, the deputy sheriff testified that because complaints had been received that stapling tax sale notices was objectionable due to the damage it did to door jambs, the practice had been to use scotch tape for such notices. Practical experience would dictate that using scotch tape on a glass door would be appropriate in most circumstances. The deputy sheriff said he did look back to the premises before he left and determined that the notice had remained in the place where he had attached it.

From the foregoing evidence the trial judge found that the prima facie presumption of the regularity of the acts of public officers had not been rebutted by Appellants. We affirm that finding.

We next address Appellants' contention that because the price paid for the property was grossly inadequate, the sale should be set aside. To support this argument, Appellants cite us to *Hettler v. Shephard,* 326 Pa. 165, 191 A. 581 (1937). That case involved a sheriff's sale but not a tax sale under the Act. Other statements of case law cited in Appellants' brief are inapplicable to the facts before us in this case.

In *First Federal Savings and Loan Association v. Swift,* 457 Pa. 206, 321 A.2d 895 (1974), there was a five dollar tax sale of a property worth between $5,-

000 and $6,000. Our Supreme Court held that where a statutorily satisfactory price has been obtained at a sale conducted in accord with the provisions of the statute, there is no basis for a finding of unjust enrichment which would warrant setting aside the sale. As stated by Judge DITTER in *Tax Claim Bureau Upset Sale*, 93 Montg. 170, 173 (1970),

> "Nowhere in the act is there any mention of inadequacy of price as contrasted to value. As long as the upset price is bid, the sale may be consummated."

We conclude that the sale of Appellants' property, having been conducted in accord with the mandatory provisions of the Act, must be confirmed. Order affirmed.

### ORDER

It is ordered that the order of the Court of Common Pleas of Chester County, No. 302-P-8, Misc. Term, 1979, dated September 24, 1980, is hereby affirmed.

Judge MENCER did not participate in the decision in this case.