536 A.2d 503

Chester County Tax Claim Bureau and Main Line Investors Realty Corp., Appellants *v.* Ronald B. Griffith, Appellee.

Argued December 14, 1987, before Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Thomas A. Dreyer,* for appellants.

*Alan J. Jarvis,* with him, *Susan P. Windle,* for appellee.

OPINION BY SENIOR JUDGE NARICK, January 27, 1988:

The Chester County Tax Claim Bureau and Main Line Investors Realty Corp. (hereinafter collectively referred to as Appellants) appeal from a decision and order of the Court of Common Pleas of Chester County which invalidated a tax sale and directed the Chester County Tax Claim Bureau to conduct another sale. We affirm.

The facts may be summarized as follows. Ronald B. Griffith (Griffith) owned real property located at R. D. No. 2, Telegraph Road, Honey Brook, West Caln Township, Chester County, Pennsylvania consisting of 1.9 acres with improvements. This parcel of property is known as Lot No. 49 according to the Chester County Tax Claim Bureau records. In 1984, Griffith failed to pay the county, township and school district taxes on his property. On October 6, 1986, the property was subjected to a tax sale in order to collect the delinquent taxes. Appellant Main Line Investors Realty Corporation purchased the property at the sale. On December 10, 1986, Griffith filed a petition to set aside the tax sale

complaining that the property had not been properly posted as required by law. The trial court found as fact that the posted notice with respect to Lot 49 was defective in that the notice was not placed on the premises as required by Section 602(e)(3) of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.602(e)(3). Accordingly, the trial court invalidated the October 6, 1986 tax sale and directed that another sale be conducted as required by law. Appellants appealed the trial court's order to this Court.

We must determine whether the trial court properly invalidated the tax sale when although the property owner received notice of the tax sale, there is evidence that the property was not posted properly as required by law, and this is asserted as a defense by the property owner.[1] In tax sale cases, our scope of review is limited to determining whether the trial court abused its discretion, rendered a decision with lack of supporting evidence or clearly erred as a matter of law. *Molchan Appeal,* 94 Pa. Commonwealth Ct. 423, 503 A.2d 1051 (1986).

Section 602 of the Law sets forth three types of notice which are required for a valid tax sale: publication, certified mail and posting. Griffith contended in the trial court that his property was not posted in accordance with Section 602(e)(3) of the Law which provides: "Each property scheduled for sale shall be posted at least ten (10) days prior to the sale".

It is long settled that a valid tax sale requires strict compliance with the notice provisions of Section 602 of the Act; and all three types of notice are required for a tax sale to be valid. If any is defective the sale is void. *Trussell Appeal,* 102 Pa. Commonwealth Ct. 32, 517

---

[1] There is no dispute that Griffith was timely served with notice of the sale.

A.2d 221 (1986); *Area Homes, Inc. v. Harbucks, Inc. and The Equitable Trust Co.,* 75 Pa. Commonwealth Ct. 97, 461 A.2d 357 (1983); *Daubenspeck Appeal,* 48 Pa. Commonwealth Ct. 612, 411 A.2d 837 (1980); *also see Stephens Appeal,* 53 Pa. Commonwealth Ct. 423, 419 A.2d 206 (1980); *Povlow Appeal,* 48 Pa. Commonwealth Ct. 435, 410 A.2d 376 (1980). Regarding compliance with the Section 602 notice provisions, this Court stated in *Clawson Appeal,* 39 Pa. Commonwealth Ct. 492, 498, 395 A.2d 703, 706 (1979):

> The statutes, however, impose duties, not on owners, but on the agencies responsible for sales; and such of those duties as relate to the giving of notice to owners of impending sales of their properties must be strictly complied with. Hence, the inquiry is not to be focused on the neglect of the owner, which is often present in some degree, but on whether the activities of the Bureau comply with the requirements of the statute. (Citations omitted.)

With respect to the requirement for posting, this Court opined in *Trussell Appeal* that: "One of the historical purposes of posting has been to notify the public at large of the existence of the sale, such that any interested parties would have an opportunity to participate in the auction process . . .", *id.* at 35, 517 A.2d at 222. The local agency has the initial burden of showing that the notice provisions of Section 602 of the Act have been complied with and a tax sale will not be invalidated when that burden is met. *See Area Homes, Inc.* However, when there is evidence that this burden has not been met a tax sale may be invalidated. *Id.*

In the case at hand the testimony presented by Appellants revealed that a county sheriff and his deputy went to the property in order to post it. According to the sheriff, he directed the deputy (the deputy did not

testify) to post the property and that the property was properly posted by the deputy. However, Griffith presented two witnesses, Michael Lindenlauf and Robin Doll, in support of his position that the property was not properly posted. Lindenlauf was the owner of property located near Griffith's property. Lindenlauf testified that on a certain day in early September he was showing certain property that he owned to Robin Doll and her husband, and that while walking with Mr. Doll on another nearby lot, this lot known as Lot 51 according to Chester County Tax Claim Bureau records, a tax sale notice was found posted to a tree. Lindenlauf testified that he realized this was for Griffith's property and that he directed his brother to deliver this notice to Griffith. Robin Doll testified that on a certain day in early September she accompanied her husband in order to examine certain property owned by Lindenlauf. Mrs. Doll testified that while Lindenlauf and her husband were walking in the woods on a nearby lot (Lot 51), they found a tax sale notice for the Griffith property posted to a tree. Based upon the evidence before it, the trial court concluded that the property was not properly posted. Thus, because the testimony of Robin Doll and Michael Lindenlauf supports the trial court's decision, we cannot conclude that the trial court abused its discretion.

Therefore, for the reasons set forth herein, we will affirm the order of the Court of Common Pleas of Chester County.

## ORDER

AND NOW, this 27th day of January, 1988, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby affirmed.