557 A.2d 38

# Dolphin Service Corporation *v.* Montgomery County Tax Claim Bureau and 850 Modena Street, Inc. 850 Modena Street, Inc., Appellant.

Argued December 15, 1988, before Judges DOYLE, PALLADINO and SMITH, sitting as a panel of three.

*Alfred O. Breinig, Jr.*, with him, *Matthew K. Hubbard,* for appellant.

*John R. O'Rourke, Jr., McTighe, Weiss, Bacine & O'Rourke, P.C.,* for appellee.

OPINION BY JUDGE PALLADINO, April 17, 1989:

Appellant, 850 Modena Street, Inc., appeals from a decision of the Montgomery County Court of Common Pleas (trial court) which set aside a tax sale at which Appellant purchased property located at 2314 Rahway Avenue in Norristown. We affirm.

The premises in question, which have been vacant for several years, were sold at tax sale to Appellant on September 11, 1985. On November 1, 1985, the owner of the property, Dolphin Service Corporation (Dolphin), a wholly owned subsidiary of Progress Federal Savings Bank, filed exceptions to the sale. The trial court, concluding that the Montgomery County Tax Claim Bureau

(Bureau) had not complied with the notice provisions of section 602 of the Real Estate Tax Sale Law (Law),[1] set aside the sale. Appellant has appealed to this court.

The dispositive issue before us is whether the trial court improperly allocated the burden of proof as to compliance with the notice provisions of the Law. Our scope of review is limited to determining whether the trial court abused its discretion, rendered a decision with lack of supporting evidence or clearly erred as a matter of law. *Chester County Tax Claim Bureau v. Griffith,* 113 Pa. Commonwealth Ct. 105, 536 A.2d 503 (1988).

Appellant asserts that the trial court improperly placed on the Bureau the burden of proving compliance with the notice provisions of the Law.[2] Appellant notes that the presumption of regularity of the acts of public officers applies to tax sales. In *Hughes v. Chaplin,* 389 Pa. 93, 132 A.2d 200 (1957), the Pennsylvania Supreme Court held that a prima facie presumption of the regularity of the acts of public officers exists until the contrary appears and that such a presumption is applicable in tax sales. Appellant contends that this presumption places the burden of proof as to proper notice on the party filing exceptions to the tax sale. Therefore, Appellant argues, our decision in *Casanta v. Clearfield County Tax Claim Bureau,* 62 Pa. Commonwealth Ct. 216, 435 A.2d 681 (1981), wherein we held that the county tax claim bureau bears the burden of proving compliance with the statutory notice provisions, is in conflict with *Hughes.* We rejected this argument in *Ali v. Montgomery County Tax Claim Bureau,* 124 Pa. Commonwealth Ct. 557, 557 A.2d 35 (1989), where we stated that there is no conflict be-

---

[1] Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.602.

[2] Where, as here, the purchaser is the party seeking to uphold the validity of the tax sale, the purchaser stands in the shoes of the Bureau.

tween *Hughes* and *Casanta*. The presumption relied upon by Appellant exists only until the contrary appears.[3] By filing exceptions to a tax sale, averring that the tax claim bureau did not comply with statutory notice provisions, a property owner overcomes the presumption. Accordingly, we decline Appellant's invitation to question our holding in *Casanta*.

With the *Casanta* holding in mind, we turn to the present case. Our review of the record establishes that Appellant failed to prove that the Bureau complied with the statutory notice provisions. Appellant notes in its brief that the mail notices sent by the Bureau to Dolphin at the Rahway Avenue address are not part of the record. Appellant asserts that because Dolphin did not produce the notices from the Bureau, Dolphin failed to meet its burden of proving that the notice given did not comply with the Law's requirements. Herein lies Appellant's fundamental mistake. Dolphin did not have the burden of proving that the Bureau complied with the notice provisions of the Law; Appellant had that burden.

Our review of the record establishes that Appellant did not introduce any evidence to establish that the

---

[3] We note also that the procedure in *Hughes* differs markedly from cases where exceptions to a tax sale are filed. *Hughes* was a trespass action in which the plaintiff sought damages from the defendants, who allegedly removed coal from property the plaintiff had previously purchased from the county commissioners at a tax sale. Thus, the plaintiff was trying to establish she had good title as a purchaser from the county commissioners. However, the evidence plaintiff introduced to establish the validity of the tax sale demonstrated instead that the tax sale had not been properly conducted. Accordingly, a compulsory non-suit was entered against plaintiff. The Supreme Court affirmed, concluding that the plaintiff had, ironically, overcome the presumption in her favor. Given the considerable differences between *Hughes* and the present case, we question the applicability of *Hughes* to cases where exceptions to a tax sale are filed by the property owner.

Bureau complied with section 602(e)(1) of the Law, which provides as follows:

> (e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:
>
> (1) At least thirty (30) days before the date of the sale, by United States certified mail, personal addressee only,[4] return receipt requested, postage prepaid, to each owner as defined by this act.

Inasmuch as Appellant has failed to establish that the Bureau sent *any* notices to Dolphin,[5] it has failed to establish that the Bureau complied with section 602(e)(1) of the Law.[6]

Accordingly, the decision of the trial court is affirmed.

ORDER

AND NOW, April 17, 1989, the decision of the Montgomery County Court of Common Pleas in the above-captioned matter is affirmed.

Judge DOYLE dissents.

---

[4] The Law was amended in 1986, and now provides that notice is to be sent by "United States certified mail, restricted delivery, return receipt requested. . . ."

[5] In its opinion, the trial court stated that notices sent to Dolphin at the Rahway Avenue address, via certified mail, restricted delivery, were returned to the Bureau. Although the Bureau's notices to Dolphin are not in the record, it appears that the notices were returned to the Bureau with the notations "Return to sender," "No such number; Moved; Left no address" and "Unknown; Addressee unknown." *See* deposition of Louis J. Mincarelli at 22-23.

[6] We note also that, even assuming the notices were sent and returned to the Bureau, there is no evidence to indicate that the Bureau made "reasonable efforts" to determine an accurate address for Dolphin, as required by *Tracy v. County of Chester Tax Claim Bureau,* 507 Pa. 288, 489 A.2d 1334 (1985), and *Rossi v. Indiana County Tax Claim Bureau,* 90 Pa. Commonwealth Ct. 255, 494 A.2d 526 (1985).