641 A.2d 1261

Barbara GANZER, Appellant,

v.

**ERIE COUNTY TAX CLAIM BUREAU and
Eastlake Development Company.**

Commonwealth Court of Pennsylvania.

Argued Nov. 18, 1993.

Decided April 20, 1994.

Reargument Denied June 29, 1994.

Mark W. Richmond, for appellant.

David E. Holland, for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Barbara Ganzer (Ganzer) appeals from an April 2, 1993 order of the Court of Common Pleas of Erie County (trial court), which dismissed her objections to the sale by the Erie County Tax Claim Bureau (Bureau) of her real estate at 4510 Highway Boulevard, Erie, Pennsylvania to Eastlake Development Company (Eastlake).

After the pleadings were completed, Ganzer, the Bureau, and Eastlake, by their attorneys, entered into a stipulation which was filed of record on January 13, 1993. The stipulation provided as follows:

The only alleged defect regarding the tax sale of September 28, 1992 regarding the premises at 4510 Highview Boulevard, Erie County, Pennsylvania, (18) 5318–101 (the "Premises"), is whether the Notice of Sale required by 72 P.S. § 5860.602, which was posted conspicuously on the Premises on September 15, 1992 in compliance with the Statute, remained posted on the Premises for the 10 day period prior to the said tax sale.

(R.R. 16a.)

At a proceeding held on February 2, 1993 before the trial court, which is labeled "Settlement Conference," the Bureau, Ganzer and Eastlake made offers of proof as to what their respective witnesses would testify to and each party accepted such offers of proof by the other two parties as evidence in the case.

The trial court, in its opinion, found the facts to be as follows:

There is no question that the property was posted by an employee of the Bureau on September 15, 1992, which was more than ten days prior to the tax sale. The notice was posted with scotch tape. *Further, there is no doubt* in the court's mind, based on uncontested testimony, *that the aforementioned notice did not remain posted* for a long period of time or *for the full ten days.* There was no evidence that Eastlake, the ultimate purchaser of the property, interfered with the notice requirement. Admittedly, *the Bureau concedes that it did not monitor the premises to see if the posted notice remained at the premises from the time of posting until the time of sale.* Ganzer agrees that she had notice of the impending sale in that she signed for the notice of sale prior to the sale.... (Emphasis added.)

■ In her appeal[1] to us, Ganzer raises only one issue, which she raised in the trial court, i.e. whether the notice of

---

1. Our scope of review in a tax sale case is limited to determining whether the trial court abused its discretion, rendered a decision in absence of supporting evidence, or clearly erred as a matter of law. *Chester County Tax Claim Bureau v. Griffith,* 113 Pa.Commonwealth Ct. 105, 536 A.2d 503 (1988).

sale required by 72 P.S. § 5860.602(e)(3) must remain posted on the property at least ten (10) days prior to the tax sale.

The Real Estate Tax Sale Law[2] (Tax Sale Law), Section 602(e)(3), requires that notice of the sale shall also be given by the Bureau, as follows:

(3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.

72 P.S. § 5860.602(e)(3).

The trial court relying on *Lapp v. County of Chester*, 67 Pa.Commonwealth Ct. 86, 445 A.2d 1356 (1982) and *Appeal of Trussell*, 102 Pa.Commonwealth Ct. 32, 517 A.2d 221 (1986), dismissed Ganzer's objections and upheld the tax sale. We affirm, but for different reasons.[3]

In *Lapp*, it was claimed that posting the notice of the impending tax sale of the Lapp property on a glass door with scotch tape was not compliance with the posting requirements of Section 602(e)(3) of the Tax Sale Law. We, in rejecting this argument, said:

Nothing in the Act prescribes the method of posting. In the absence of specific statutory requirements, we hold that the method used must be reasonable and such as would likely inform the taxpayer of the intended sale of the premises. We are well satisfied that the place where the notice was posted was conspicuous; the question is whether the notice was reasonably secured to the door. In this respect, the deputy sheriff testified that because complaints had been received that stapling tax sale notice was objectionable due to the damage it did to door jambs, the practice had been to use scotch tape for such notices. Practical experience would dictate that using scotch tape on a glass door would be appropriate in most circumstances. The deputy sheriff said he did look back to the premises before

2. Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.803.

3. *Kraiser v. Horsham Township,* 72 Pa.Commonwealth Ct. 16, 455 A.2d 782 (1983) (an appellate court may affirm the decision of a trial court if result is correct on any ground, without regard to ground trial court itself relied upon).

he left and determined that the notice had remained in place where he had attached it.

From the foregoing evidence the trial judge found that the prima facie presumption of the regularity of the acts of public officers had not been rebutted by Appellants. We affirm that finding.

67 Pa.Commonwealth Ct. at 90, 445 A.2d at 1358.

In *Casanta v. Clearfield County Tax Claim Bureau*, 62 Pa.Commonwealth Ct. 216, 220, 435 A.2d 681, 683 (1981), we held:

In tax sale cases the Bureau has the burden of proving compliance with the statutory notice provisions. As Judge Rogers has aptly explained in *Clawson Appeal*, 39 Pa. Cmwlth. 492, 395 A.2d 703 (1979), the Real Estate Tax Sale Law impose[s] duties, not on owners, but on the agencies responsible for sales; and such of those duties as relate to the giving of notice to owners of impending sales of their properties must be strictly complied with. Hence, the inquiry is not to be focused on the neglect of the owners, ... but on whether the activities of the Bureau comply with the requirements of the statute.

In *In re Upset Price Tax Sale of September 10, 1990,* 147 Pa.Commonwealth Ct. 52, 606 A.2d 1255 (1992), the deputy sheriff in posting the notice "merely folded the notice and thumbtacked it at the key hole level to the door frame of a side door of the house between the main door and the storm door." 147 Pa.Commonwealth Ct. at 58, 606 A.2d at 1258. In affirming the trial court's determination that the posting was not reasonable and likely to insure notice, we held:

While this court has not addressed what constitutes posting that adequately informs both the taxpayer and others who may be interested that the property is going to be offered at tax sale, common pleas courts have properly required that posting be accomplished by "placing the notices somewhere on the premises for all to observe," rather than handing the notice to an owner. Tax Claim Bureau Upset Sale, 95 Montgomery County L.R. 262, 265 (1972), or

in "such a manner as to attract attention," *Otto v. Dauphin County Tax Claim Bureau,* 24 Pa.D. & C.3d 709, 710 (1980). We agree with the trial court that in this case, the manner in which the notice was posted informed no one that the subject property was being exposed to tax sale.
*Id.* at 58, 606 A.2d at 1258.

We further noted the purpose for posting property, as follows:

Not only does public posting assist in informing a taxpayer that his or her property is to be exposed at tax sale, especially when, as here, personal service cannot be accomplished, it serves the additional purpose of notifying others whose interest may be affected by the sale such as mortgage and other lien holders. Posting also serves to notify the public at large that the property is going to be offered at tax sale. This increases the number of bidders for the property, aiding in the likelihood that the taxing bodies will receive the taxes owed, as well as making the sale fair to the delinquent taxpayer so that the property is sold for the highest amount possible so that the delinquent taxpayer may not be subject to any deficiency or, if the bid is over the amount of taxes owed, can receive any excess.

*Id.* at 57–58, 606 A.2d at 1258.

■ Although the Tax Sale Law imposes duties on the agencies responsible for sales, the common law imposes duties on the buyer of the property at the tax sale not to interfere in any manner with the posted notice so as to nullify the posted notice as demonstrated in *Trussell.*

In *Trussell,* an appeal was taken from an order of the trial court directing that the tax sale at which Trussells purchased real estate of Martin C. and Frankie L. Baker (Baker) be set aside and the property be reposted for sale. The facts, as found by the trial court, were that the notice of sale was posted, that someone removed the notice, and that the Trussells retained possession of the posted notice for at least six days prior to the sale. Baker argued, *inter alia,* that the Trussells should be estopped from retaining the property due

to their prior acts designed to conceal or hide the posted notice of sale. We held:

> There is little utility in having a posting requirement for public sales if we allow the eventual purchaser to retain the posted notice for six days prior to the sale. One of the historical purposes of posting has been to notify the public at large of the existence of the sale, such that any interested parties would have an opportunity to participate in the auction process. In the instant matter, this legislative mandate was frustrated by the actions of the successful bidders. We note that Section 602(e)(3) of the Act specifically calls for posting on the property at least ten days before the date of the sale.
>
> It is well-settled that the legislature is presumed not to have intended provisions in its laws as mere surplusage and, hence, courts must construe a statute, if possible, so as to give effect to every word, sentence or provision thereof. *Masland v. Bachman,* 473 Pa. 280, 291, 374 A.2d 517, 522 (1977).
>
> [W]here, as here, there is clear evidence of record that the person who interfered with the notice requirements of Section 602 is also the eventual purchaser, we must disallow the sale.

102 Pa.Commonwealth Ct. at 35–36, 517 A.2d at 222–223.

In *Trussell,* the only issue before us was whether or not the sale should be set aside because the purchaser "interfered with the notice requirements." In deciding this issue in the affirmative, we held that the legislative mandate of Section 602(e)(3) was frustrated. The interference of the buyers was in removing the posted notice so that it was not on the property for "at least ten (10) days prior to the date of sale."

In concluding our decision, we stated:

> We must emphasize that by our decision in this matter, we are not imposing an affirmative duty on local tax bureaus to monitor posted sale notices on a daily basis prior to sale. *Id.*

This statement was neither necessary to our decision and order, nor was the question of monitoring the posted notice before the Court. This statement was a caution to the bench and bar not to read into Section 602(e)(3) what we didn't decide, leaving the question of monitoring to another day. That day has arrived.

■ The issue raised herein by Ganzer is one of first impression and is to be resolved by construing the words of Section 602(e)(3). The critical words of Section 602(e)(3) are "shall be posted at least ten (10) days prior to the sale."

■ Section 3 of the Statutory Construction Act of 1972 [4] provides, as follows:

(a) Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

1 Pa.C.S. § 1903.

Although the word "shall" may be construed to be either directory or mandatory, depending upon the context in which it is used, it admits of no argument that as used in Section 602(e)(3), and considering the purpose of posting, the word "shall" imposes a mandatory duty to post a notice of the tax sale on the property subject to the sale. *See In re Upset Price Tax Sale.*

"Posted," "least," and "prior" in Section 602(e)(3) are not defined in the Tax Sale Law or in the Statutory Construction Act; thus, we construe "posted," "least" and "prior," consistent with their common usage meaning. *Township of Derry, Dauphin County v. Swartz,* 21 Pa.Commonwealth Ct. 587, 346 A.2d 853 (1975). "Post[ed]" is defined as "to affix (as a paper or bill) to a post, wall or other usual place for public notice: PLACARD;" [5] "at least" is defined as "as the minimum;" [6] and

4. 1 Pa.C.S. §§ 1501–1991.

5. Webster's Third New International Dictionary 1771 (1986).

6. *Id.* at 1287.

"prior" is defined as "preceding causally: antecedent, previous."[7]

Applying the common usage meanings to the language of Section 602(e)(3) of the Tax Sale Law, it becomes crystal clear that there is a mandatory duty that there be placed on the property subject to a tax sale, a notice consistent with Sections 602(f) and 602(g) no less than ten (10) days immediately preceding the day the sale is scheduled to be held.

There are no words or phrases in Section 602(e)(3) which either directly or inferentially require that such posted notice be on the property subject to the tax sale for ten (10) consecutive days before the scheduled sale date.

For us to construe Section 602(e)(3) to require that the posted notice be displayed on the property for ten (10) consecutive days immediately preceding the sale would require the Bureau to continuously monitor every property, within its jurisdiction, which is subject to sale for nonpayment of taxes pursuant to the Tax Sale Law every twenty-four hour period from the initial posting to the date of sale. This is a burden which should be left to the decision of the legislature, particularly where, as here, the clear, unequivocal language of Section 602(e)(3) does not so provide.

There being no abuse of discretion by the trial court, no clear error of law and no dispute as to the facts, we will affirm the trial court.

## ORDER

AND NOW, this 20th day of April, 1994, the order of the Court of Common Pleas of Erie County, Pennsylvania, dated April 2, 1993 dismissing the objections of Barbara Ganzer and upholding the tax sale is affirmed.

7. *Id.* at 1804.