**Ruth N. HUNTER, Appellant,**

v.

**WASHINGTON COUNTY
TAX BUREAU.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 11, 1998.

Decided April 13, 1999.

Justin M. Walsh, Charleroi, for appellant.

Jill A. Devine, Washington, for appellee.

Before FLAHERTY, J.,
LEADBETTER, J., and NARICK, Senior
Judge.

FLAHERTY, Judge.

Ruth N. Hunter (Hunter) appeals from an order of the Court of Common Pleas of Washington County (trial court) which denied Hunter's request to set aside the tax sale of two properties. We affirm.

This case involves two parcels of land which were owned by Hunter and Edgar and Dorothy Jones as tenants in common. The first parcel consists of twenty acres and is located in Carroll Township (Carroll property). The second parcel consists of eleven acres and is located in Fallowfield Township (Fallowfield property).

On September 23, 1997, the properties were sold by the Washington County Tax Bureau (Bureau) for delinquent taxes. Hunter appealed the tax sale, arguing that the Bureau failed to properly post notice of the sale on the properties in accordance with Section 602 of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602. The trial court denied the appeal finding that the properties were properly posted in accordance with the Law. This appeal followed.[1]

In a tax sale case, the burden of proving compliance with the statutory notice provisions of the Law rests with the Bureau. *Rinier v. Tax Claim Bureau*, 146 Pa.Cmwlth. 568, 606 A.2d 635, (1992). Section 602 of the Law sets forth three methods of notice requiring (1) publication at least thirty days prior to sale, (2) notification by certified/first-class mail, and (3) posting of the property at least ten days before the sale. Notice provisions are to be strictly construed and strict compliance with such provisions is necessary to guard against deprivation of property without due process, and if any one method of notice is defective, the sale is void. *Id.* Here, the third requirement is the only issue, i.e., whether Hunter's properties were properly posted.[2]

As to the Carroll property, Kenneth Barna testified that he posted the property on September 5, 1997. Barna stated that the Carroll property is undeveloped and has no improvements on it. (R.R. at 37a.) By using the tax map, he located the property and posted the property across from a home owned by the Cooper's. (R.R. at 45a.) By using masking tape, he affixed the five by seven paper notice to a tree or post. (R.R. at 45a.)

As to the Fallowfield property, Robert Neil, testified that it consists of nearly eleven acres and that he posted the property on the evening of September 9, 1997. (R.R. at 50a.) There were no buildings or improvements on the property and he testified that he affixed the sign to a tree or thicket, utilizing a tack and pins and then wrapped masking tape around it. (R.R. at 54a–55a.) He testified that he identified Hunter's property by utilizing the tax map and that he posted the sign near a house on Riverview Drive. (R.R. at 56a–57a.)

---

1. This court's review in a tax sale case is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence. *Michener v. Montgomery County Tax Claim Bureau*, 671 A.2d 285 (Pa.Cmwlth.1996).

2. Counsel for Hunter stipulated before the trial court that the sale was properly advertised and that Hunter received notification of the impeding sale by certified mail. (R.R. at 32a.)

■ Hunter argues that the five by seven sheets of paper utilized to post the property were not conspicuously placed or designed to remain conspicuous and therefore failed to give sufficient notice under the Law. Specifically, Hunter complains that the notices were not weatherproof and that Neil acknowledged that on the evening he posted the Fallowfield property it was raining. There is no requirement in Section 602 of the Law however that the notices be made of any special material. "In the absence of specific statutory requirements, we hold that the method used must be reasonable ...." *Lapp v. County of Chester,* 67 Pa.Cmwlth. 86, 445 A.2d 1356 (1982). Here, both Barna and Neil testified that they affixed the notices with masking tape by wrapping it around the tree or post. In the absence of any specific requirement as to the manner of posting, including whether weatherproof materials were required, the method employed in this case was reasonable. There is no evidence in this case that the notice did not remain intact and legible.[3]

■ Next, we agree with Hunter's assertion that posting helps to inform a taxpayer that her property will be exposed at tax sale, serves the purpose of notifying others whose interest may be affected by the sale and notifies the public at large that the property is going to be offered at a tax sale. *In re Upset Price Tax Sale of September 10, 1990,* 147 Pa.Cmwlth. 52, 606 A.2d 1255 (1992). Thus, posting must be accomplished by placing the notices somewhere on the premises for all to observe. *Id.* Here, because Hunter's witnesses, John Cooper who lives near the Carroll property and Lisa Corintus, who lives near the Fallowfield property, testified that they did not see the notices Hunter claims the notices were not reasonable to inform people of the sale. However, merely because the notices were not observed by these people it does not follow that the notices were not conspicuously placed. As testified to by both Barna and Neil, they strongly affixed the notices on trees and poles near homes just off the road.

■ Finally, Hunter takes issue with the fact that Barna testified that it is possible he posted the wrong property. This statement was made on cross-examination and as testified to by him and Neil, they don't survey the property, rather tax maps are used to identify the properties in question and only if the tax maps were wrong would they have posted the wrong property. Here, the tax maps were reasonably relied upon and there was no evidence that the tax maps used to identify the properties were inaccurate. (R.R. at 45a, 58a.)

We agree with the trial court that Hunter's properties were properly posted in

---

3. Although Hunter cites to *Little Appeal,* 18 Pa. D. & C.3d 19 (1981), in support of its argument, we are not bound by trial court decisions. *See, Crum v. Burd,* 131 Pa. Cmwlth. 550, 571 A.2d 1 (1990), *petition for allowance of appeal denied,* 525 Pa. 649, 581 A.2d 574 (1990). Nonetheless, we will address the facts of that case. In *Little,* the Bureau posted the Sheely property with a notice of claim on June 26, 1980 and a notice of sale on August 10, 1980. The Sheelys visited their property in August of 1980. The notice of claim was totally illegible. The notice of sale was legible as to all printed matters but notice as to the date and time of sale was not visible. The Sheelys were misled by the notices as the notice of claim made reference to December 31 and no date appeared on the notice of sale. Thus, they assumed the tax could have been paid by December 31, 1980. Furthermore, they believed all taxes were paid when they settled on the property. The trial court observed that when the Sheelys observed the notice of sale, no date of sale appeared thereon. Reasoning that notices which are exposed to the elements should be readable for a reasonable time, the trial court invalidated the tax sale as the illegible notices confused the Sheelys. Here, unlike the Sheelys, Hunter did not visit her property nor was there any evidence introduced that the notices were illegible. Moreover, although the court in *Little* stated that requiring weather resistant notices should not impose an unreasonable burden on the bureau, we decline to impose such an obligation, as none is required by the statute.

accordance with the requirements contained in Section 602 of the Law. Accordingly, the order of the trial court is affirmed.

### ORDER

NOW, April 13, 1999, the order of the Court of Common Pleas of Washington County at No. 97–5491, dated June 4, 1998, is affirmed.