# In re Sale of Tax Claim Bureau of
# September 11, 2000

C.P. of Warren County, no. 610 of 2000.

*Timothy Bevevino,* for exceptant.

MILLIN, *P.J.,* February 12, 2001—In this case the court is called upon to determine whether the posting of

the subject property was accomplished in conformity with the posting requirements of 72 Pa.C.S. §5860.602(e)(3). That subsection provides that "each property scheduled for sale shall be posted at least 10 days prior to the sale."

On August 17, 2000, the tax claim bureau agent, Francis Hanlin, allegedly posted the property of the exceptant, Robert Joseph Herman, at HC 1, Box 30, Irvine, PA 16329, for a tax sale based on delinquent taxes from the year 1998. A duplicate copy of the posting admitted into evidence as respondent's exhibit no. 1 identified the time of posting as 8:55 p.m. The property was subsequently sold at tax sale to purchaser Jennifer Brostmeyer on September 11, 2000. The property owner, Robert Joseph Herman, then timely filed these objections or exceptions to the tax sale. The matter was set for a hearing on January 3, 2001. After the close of the tax claim bureau's case in chief, exceptant moved for a directed verdict. The court deferred ruling on the motion and heard the exceptant's evidence. The parties subsequently briefed the issues and this case is now ripe for determination.

The law is well settled in Pennsylvania that a valid tax sale requires strict compliance with all three of the notice provisions of section 602 and that if any of the notices are defective, the sale is void. *In re Upset Price Tax Sale of September 25, 1989 (Weiland) v. Delaware County Tax Claim Bureau,* 150 Pa. Commw. 191, 194, 615 A.2d 870, 872 (1992); *Chester County Tax Claim Bureau v. Griffith,* 113 Pa. Commw. 105, 536 A.2d 503 (1988); *Trussell Appeal,* 102 Pa. Commw. 32, 517 A.2d 221 (1986). In reviewing the record to determine whether

strict compliance with notice requirements have been met, the inquiry focuses on the acts of the tax claim bureau rather than any neglect on the part of the property owner. *Griffith,* 113 Pa. Commw. at 108, 536 A.2d at 504. This strict compliance with the notice requirements is necessary to guard against any deprivation of property without due process of law. *In re Upset Price Tax Sale of September 10, 1990 (Sortino),* 147 Pa. Commw. 52, 57, 606 A.2d 1255, 1258 (1992); *Kleinberger v. Tax Claim Bureau of Lehigh County,* 64 Pa. Commw. 30, 35, 438 A.2d 1045, 1047-48 (1982).

Moreover, the case law is clear that the burden of proof of proper posting where the property owner has raised exceptions to a tax sale rests with the tax claim bureau. A presumption of the regularity of an official act, herein posting, exists only "until the contrary appears." *Sortino,* 147 Pa. Commw. at 56, 606 A.2d at 1257. The case law is abundantly clear that the contrary will appear and the property owner overcomes the presumption of regularity by filing exceptions that aver that the tax claim bureau did not comply with statutory notice requirements. *Id.; Dolphin Service Corp. v. Montgomery County Tax Claim Bureau,* 125 Pa. Commw. 220, 557 A.2d 38 (1989), *alloc. den.,* 525 Pa. 588, 575 A.2d 117 (1990); see also, *Hughes v. Chaplin,* 389 Pa. 93, 95, 132 A.2d 200, 202 (1957) (noting a prima facie presumption of regularity of acts of public officers exists until the contrary appears and such a presumption is a procedural expedient particularly suitable in tax sales). Given this case law, it is clear that the tax claim bureau bore the burden of proof to establish that the posting of the property more than 10 days prior to the September 11 tax sale was proper.

In order to establish whether the posting in this case provided adequate notice we turn first to case law addressing what posting adequately informs the taxpayer and others of a tax sale. Because the statute does not provide guidance in this regard, the case law has addressed this issue. In *Sortino,* the Commonwealth Court noted that it had not yet addressed what constitutes a proper posting but that the courts of common pleas throughout the state had on numerous occasions been required to resolve this issue. *Sortino,* 147 Pa. Commw. at 58, 606 A.2d at 1258.

It is important to recognize that there are two components to the posting requirement. First, that the property owner be given notice of the tax sale and second, and equally important, that the public be given notice of the pending tax sale. *In re Tax Sale of 28.8525 Acres In Middlecreek Township Tax Sale No. 12434 (Mognet),* 688 A.2d 1239, 1242 (Pa. Commw. 1997). The reason for this is two-fold. First, if made aware of the tax sale, the public is more likely to participate in the sale. Public participation will increase the number of bidders and improve the likelihood of recouping the delinquent taxes plus it will provide a fair sale to the delinquent taxpayer. Posting likewise serves to notify others with an interest in the property. *Sortino,* 147 Pa. Commw. at 57, 606 A.2d at 1258; *Mognet, supra.*

These important considerations underlie the principle established in case law that a posting must be noticeable to passersby as well as to the owner. *Ban v. Tax Claim Bureau of Washington County,* 698 A.2d 1386, 1389 (Pa. Commw. 1997). Thus tax claim sales have been voided

where the posting notice was merely handed to the owner or placed in a location where only the owner would discover it, *i.e.,* affixed to the back door of a residence not visible to the public passersby. *Id.* at 1388; see *Lapp v. County of Chester,* 67 Pa. Commw. 86, 90, 445 A.2d 1356, 1358 (1982) (finding that affixing a posting with Scotch tape to a sliding glass door constituted adequate and reasonable method of posting where the deputy sheriff looked back and saw that the posting was still affixed to the door).

The Commonwealth Court in *Sortino* noted that courts of common pleas had required posting by "placing the notices somewhere on the premises for all to observe" rather than handing a notice to an owner. As well, notices were required to be posted in "such a manner as to attract attention." Thus, one attribute of a proper posting, sufficient to meet the public notice requirement, would be its conspicuousness and whether it was posted so as to "attract attention." In *Sortino,* the Commonwealth Court concluded that folding a notice in half and affixing it to the keyhole of a door obscured by the screen door would not be a conspicuous posting sufficient to satisfy the notice requirements of the Act. 147 Pa. Commw. at 58, 606 A.2d at 1258.

Given these legal standards, we turn to the facts as adduced at the hearing. This case presents somewhat unusual facts, albeit not for a rural area such as Warren County, because the residence is located a significant distance from the property boundary. Francis Hanlin testified that he affixed the posting to a pillar located on the front porch of the residence, so that anyone entering the

house could see the posting. N.T. at 4. The exceptant introduced evidence that his residence is located some 270 feet removed from the only public road adjacent to the property. N.T. at 24. Moreover, between this highway and the residence the terrain slopes downward approximately 45 feet. N.T. at 24. Between the highway and the residence are woods and underbrush, as shown in photographs taken the day of the January hearing. Exceptant's exhibits 1, 2, 3 and 4. These pictures, which depict minimal foliage and underbrush on a January day, demonstrate the difficulty of viewing the house from the highway. The pictures reveal that the house is not located at the end of a straight driveway; rather the driveway ends near a garage and the house is located to its right such that one looking directly down the driveway from the highway would not have a direct view of the residence. The court takes judicial notice that typical foliage present on trees in August combined with underbrush would completely obscure the residence from the road. Thus, exceptant urges that the posting, if affixed to a porch post of the residence, was not adequate to provide any public notice whatsoever of the tax sale given the distance and terrain between the residence and Route 62.

The court has not uncovered case law precisely on point. The cases reviewed either refer to a residence on a small lot and consider whether the location of the posting on the residence itself would be visible from an adjacent street or the cases refer to entirely undeveloped lots in which postings were placed on trees or poles. Thus, this case presents a unique blend of those more common fact patterns. We are called upon to determine whether a

posting which would be conspicuous to an owner but not to the public meets the statutory requirements.

We find the case of *Hunter v. Washington County Tax Bureau,* 729 A.2d 142 (Pa. Commw. 1999), instructive. There, the owner appealed a tax sale based on her allegation that the property had been improperly posted. The trial court in that case denied the appeal and the owner appealed to the Commonwealth Court. The property was described as two undeveloped pieces of property to which the tax claim bureau agent had affixed 5 x 7 inch paper notices on trees or posts with masking tape across from homes owned by others. The Commonwealth Court found these postings to meet the conspicuous requirement as they were placed on poles or trees just off the road near adjacent neighbors' homes. The fact that these neighbors testified that they did not see these notices did not render them legally inconspicuous.

In order to maintain the public notice purpose of the posting statute, we hold that the notice must be affixed in a place where one passing by the property would be in a position to see the notice. We caution that we do not hold that the notice must be of sufficient size, typeface, color, etc. to be legible to the occupant of a vehicle traveling by at 55 miles per hour, but only that the posting be affixed to a tree, pole, or an object visible from the vantage point of a member of the public located on an adjacent roadway or parcel of property. In this case, posting a tree located at the distal end of the property owner's driveway would have sufficed. Given this standard, the posting of a notice on a porch post of a house located 270 feet from a public road, with an elevation drop of 45

feet from that road, and an obstructed view due to woods and underbrush encompassing the entire width of the owner's property, does not suffice to provide adequate public notice.

The court also makes the following finding of fact: the tax claim bureau failed to meet its burden of proof to demonstrate that the subject property was properly posted. In reaching this conclusion, the court considered that the testimony of Mr. Hanlin suggested that he had some difficulty initially locating the property and that his description of the property he posted varied in several respects from the photographs of the property entered into evidence. He recollected that the residence had entryways on opposite sides facing north and south and that the porch pillars were made of stone. The photographs show wooden pillars painted white and exceptant testified that the entryways were located on the northern and eastern sides of the residence. Exceptant testified that his dog runs loose on the four and one-half acre property and Mr. Hanlin did not recollect seeing a dog. Exceptant and another member of his household testified that neither saw the posting and both would have been absent from the residence on the date in question only for purposes of work or running errands. Exceptant also testified that when he discussed the posting with Mr. Hanlin upon learning of the sale, Mr. Hanlin opined that he may not have posted the correct property.

Having relied upon the exceptant's exhibits in concluding that the posting would not have met the legal requirement for serving notice on the public, the motion for directed verdict will be denied and the exceptions sustained.

For the foregoing reasons, the court enters the following order:

## ORDER

And now, February 12, 2001, exceptant's motion for directed verdict is denied, the exceptions are sustained and the tax sale of September 11, 2000 with regard to the property identified as Pleasant Township YV-932-883800-000 is hereby set aside.