Sandra Freese BUCKLAND, on her own behalf and on behalf of all others similarly situated and Catherine Hunter, on her own behalf and on behalf of all others similarly situated and Alfred Turner, on his own behalf and on behalf of all others similary situated, Appellants,

v.

COUNTY OF MONTGOMERY OF the COMMONWEALTH OF PENNSYLVANIA; County of Delaware of the Commonwealth of Pennsylvania; County of Philadelphia of the Commonwealth of Pennsylvania; and County of Chester of the Commonwealth of Pennsylvania, Appellees.

No. 86–1404.

United States Court of Appeals, Third Circuit.

Submitted Pursuant To Third Circuit Rule 12(6) Jan. 23, 1987.

Decided March 2, 1987.

Martin J. Cunningham, Jr., Koch, Phelps & Cunningham, Norristown, Pa., for appellants.

Walter S. Jenkins, Sweeney, Sheehan & Spencer, Philadelphia, Pa., for appellee Montgomery County.

Michael J. Ehling, Asst. County Solicitor Delaware County, Media, Pa., for appellee Delaware County.

Valerie West, Chief Asst. City Solicitor, Philadelphia County, Philadelphia, Pa., for appellee Philadelphia County.

Janet M. Colliton, Chester County Solicitor's Office, West Chester, Pa., for appellee Chester County.

Before GIBBONS, Chief Judge, WEIS, Circuit Judge, and ZIEGLER,* District Judge.

## OPINION OF THE COURT

WEIS, Circuit Judge.

Pennsylvania Rules of Criminal Procedure authorize the posting of a bail bond by depositing cash equal to ten percent of the amount of bail. They also permit a county to set a reasonable fee to cover the cost of administering the program. Plaintiffs, who have been assessed varying amounts by several counties, contend that the rules are unconstitutional because they fail to provide specific guidelines for the fees. We are not persuaded by this argument and agree with the district court that the state's ten percent bail program does not violate the federal constitution.

The case comes to us after the district court granted the defendants' motions and dismissed the complaint.

Pa.R.Crim.P. 4006 provides for six methods of posting bail. The options include: a deposit of currency or certain bearer bonds; an encumbrance on realty; a surety bond issued by a professional bondsman; or where authorized by local rule, the deposit of money not exceeding ten percent of the bail set. As a corollary to the ten percent option, Pa.R.Crim.P. 4015(b) further provides that when the money is returned to the depositor, the county shall return the money "less a reasonable charge relating to the costs of administering the percentage cash bail program."

The General Court Regulations of Philadelphia County fix this administrative charge at thirty percent of the bail deposit, or phrased differently, three percent of the total amount of bail. Montgomery and Delaware Counties set the charge at twenty percent of the deposit (two percent of the total bail).

In September, 1984, plaintiff Turner posted $5,000 as a ten percent deposit for a $50,000 bail bond. When the charges were dismissed, the Clerk of Court of Philadelphia County returned $3,500 and retained $1,500 as a fee for administrative costs.

In January, 1985, plaintiff Buckland deposited $1,000 in Montgomery County for a $10,000 bail bond. When the action was nol prossed, the Clerk of the Court returned $800 and retained $200 as a fee.

In August, 1983, in Delaware County, plaintiff Hunter posted $2,500 as a ten percent deposit on a $25,000 bail bond. After disposition of the case, the court retained a $500 administrative fee.

Plaintiffs filed suit in the district court under 42 U.S.C. §§ 1983 and 1985 on behalf of themselves and a class consisting of persons who have posted ten percent cash bonds in the defendant counties. The plaintiffs' complaint alleges that "the confiscation" of the amount retained for administrative costs constitutes an unconstitutional taking of property without due process.

The district court dismissed the complaint, noting that the Philadelphia Court

* The Honorable Donald E. Ziegler, United States District Judge for the Western District of Pennsylvania, sitting by designation.

of Common Pleas had found the three percent retention fee constitutional and reasonably related to the costs of administering the percentage cash bail program. *In re Bail Petition of Bostic,* 12 Phila. 472 (1985). That judgment was affirmed by the Pennsylvania Superior Court in an unpublished per curiam opinion. *In re Bail Petition of Wittick,* 356 Pa.Super. 609, 512 A.2d 729 (1986), *petition for allowance of appeal filed,* No. 503 E.D. Allocatur Docket (June 2, 1986).

In their brief, plaintiffs state that their "attack is upon Rule 4015(b) and not to any of the local implementing rules" by which the defendant counties set their respective retention charges. Essentially, plaintiffs contend that because Rule 4015(b) does not articulate "any ascertainable standards", it is unconstitutionally vague and thus in violation of the Due Process Clause. They also assert that the disparity in fees among the various counties "proves the lack of coherent, distinct and comprehensive standards in Pa.R.Crim.P. 4015(b)." Finally, plaintiffs complain that the district court failed to apply appropriate federal standards in granting the dismissal.

Although plaintiffs allege that the Pennsylvania rules are vague, their own arguments are notably weak in clarity and specificity. It is not clear from the record or the briefs just what plaintiffs allege is unconstitutional about the bail program. Nevertheless, we will do our best to unravel their rambling and amorphous complaints.

■ Significantly, plaintiffs do not assert that the fees lack a reasonable relationship to the costs of administering the ten percent cash bail program. In *Commonwealth v. Gill,* 288 Pa.Super. 538, 432 A.2d 1001 (1981), the Pennsylvania Superior Court emphasized that the fees must be evaluated against the expenses of the ten percent bond program. In that case, the court found that inadequate evidence had been presented in the trial court for proper correlation of fees with costs. The court did not otherwise find fault with the program. In *Bostic,* the court examined the financial aspects of the program and concluded that in Philadelphia the three percent retention charge was reasonable in light of the overall costs of the program. Because plaintiffs here have not raised any question about the relationship between the fees and expenses, we conclude that the matter is either not an issue or has been waived.

■ In *Schilb v. Kuebel,* 404 U.S. 357, 92 S.Ct. 479, 30 L.Ed.2d 502 (1971), on which all parties rely, the Supreme Court scrutinized legislation enacted by Illinois in an effort to correct abuses by professional bail bondsmen. The Illinois statute allowed an accused to post bond in various ways, including the option of a cash deposit equal to ten percent of the bail. When the conditions of the bond were met, the clerk was authorized to impose a fee of ten percent of the amount deposited, or one percent of the total bail, as "bail bond costs." If the accused chose to deposit cash or securities for the full amount, no fee was assessed.

The Supreme Court rejected the contention that the one percent fee violated the Equal Protection Clause. Characterizing the fee as an administrative cost "imposed upon all those, guilty and innocent alike, who seek the benefit of" the ten percent bail statute, the Court concluded that the legislation satisfied the rationality test. *Schilb,* 404 U.S. at 370–71, 92 S.Ct. at 487.

In the course of its opinion, the Court distinguished *Giaccio v. Pennsylvania,* 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966), which had invalidated an ancient Pennsylvania statute permitting a jury to acquit an accused but still require him to pay court costs. The *Giaccio* Court had found a violation of the Due Process Clause in the statute's vagueness and lack of standards to prevent the arbitrary imposition of costs. This was not the case in *Schilb,* however, where the Court said, "[C]ertainly [the ten percent plan] is not subject to attack for vagueness or for lack of standards.... [T]he charge [under the statute] is an administrative fee and not a cost of prosecution." 404 U.S. at 370–71, 92 S.Ct. at 487.

The plan in *Schilb* differs from Pa.R. Crim.P. 4015(b) only in that the Illinois legislature provided for a one percent fee and the Pennsylvania rule allows each county to set a "reasonable" fee. We are not persuaded by the plaintiffs' assertion that such a grant is vague and lacks any standard. The rule links the fee to the cost of administering the program, a measurement that has an ascertainable basis. As the district court noted, the fact that a variation exists among the fees charged in different counties may simply reflect the range of experience and expense in those locations. The rule gives flexibility to the counties to meet local conditions.

This administrative fee is not assessed on an ad hoc basis. The percentage is established as a matter of public record, applying uniformly and with advance knowledge to all who use this bail option. We may also take judicial notice of the fact that in Pennsylvania, as in Illinois, bail bondsmen customarily charge a nonrefundable premium on a fixed percentage of the amount of bail. By statute, this premium may not exceed ten percent for the first $100 and five percent for each additional $100. 42 Pa.Cons.Stat.Ann. § 5748(a). The substantially smaller fees charged by the counties thus benefit those individuals, like plaintiffs here, who are required to post a bail bond.

We recognize that in individual situations where the amount of bail is high, the fee computed on a percentage basis may be greater than necessary to meet the cost of that particular transaction. That, however, does not make the percentage fee approach irrational. The percentage method has the virtue of simplicity in its administration, and we cannot conclude that a higher bail may not have a correlation with the increased risk and consequential expense of flight and apprehension.

This case presents only legal issues and consequently our review is plenary. We have considered the appeal under federal constitutional standards and so need not address the plaintiffs' contention that the district court did not decide the case under appropriate federal authorities.

In sum, we conclude that Pa.R.Crim.P. 4015(b) complies with federal constitutional requirements. Accordingly, the judgment of the district court will be affirmed.