571 A.2d 1

**Jay D. CRUM and Anna Mae Crum, Individually, and on behalf of all others similarly situated, Appellants,**

**v.**

**William BURD, Acting Prothonotary and The County of Lycoming, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1989.

Decided Jan. 31, 1990.

Reargument Denied April 3, 1990.

Petition for Allowance of Appeal Denied
Aug. 27, 1990.

G. Scott Gardner, with him, Michael J. Rudinski, Campana, Rudinski, Groulx & Gardner, Williamsport, for appellants.

J. David Smith, with him, Paul J. Ryan, McCormick, Reeder, Nichols, Sarno, Bahl & Knecht, Williamsport, for appellee, William Burd.

Before COLINS, PALLADINO and SMITH, JJ.

COLINS, Judge.

Jay D. Crum and Anna Mae Crum (Crums) appeal from an order of the Court of Common Pleas of Lycoming County which granted the preliminary objection of the

County of Lycoming (County) and William Burd, Acting Prothonotary of Lycoming County (Prothonotary)[1] (collectively appellees), and dismissed the Crums' complaint with prejudice.

On March 22, 1985, the Crums deposited cash bail with the Prothonotary in the amount of $50,000.00 for their son, Ronald E. Crum, who was charged with violations of The Controlled Substance, Drug, Device and Cosmetic Act.[2] The Prothonotary placed these funds in an interest-bearing bank account pending the outcome of the criminal case. At the conclusion of the case, the Prothonotary returned the bail in full and no administrative fees nor commissions were charged by the Prothonotary for holding the bail. The Prothonotary refused the Crums' request that he remit to them the interest earned on the bail while it was in his possession.

On July 11, 1988, the Crums filed a class action seeking to recover the interest. The County filed a preliminary objection to the complaint in the nature of a demurrer. The trial court granted the preliminary objection and dismissed the complaint with prejudice by its order of November 2, 1988.[3] A timely appeal was taken from that order to the Superior Court. The Crums filed a petition to transfer the case to this Court, which was granted.

Our scope of review is limited where there is a challenge to the sustaining of a preliminary objection in the nature of a demurrer. *Mahoney v. Furches*, 503 Pa. 60, 468 A.2d 458 (1983). For purposes of review, all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true. We must determine whether on the facts averred, the law says with certainty that no recovery is possible. *Hoffman v.*

1. The preliminary objection was adopted by the Prothonotary.
2. Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780–101 to 780–144.
3. The trial court based its decision upon its reasoning in *Commonwealth v. Crum*, 39 Pa.D. & C.3d 5 (1985). In that case the same issue was raised by the Crums and rejected by the trial court. No appeal was taken from the trial court's decision.

*Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970).

We begin our analysis with a recitation of the applicable law and rules of procedure. No statute specifically governs a prothonotary's investment of money deposited with him and the disposition of any interest earned on the deposit. Sections 1 and 2 of the Act of November 21, 1973, P.L. 337, *formerly* 17 P.S. §§ 1595 and 1595.1, commonly referred to as the Common Pleas Prothonotaries Fee Act, allowed for a prothonotary's deposit of monies in interest-bearing accounts and the payment of accrued interest on the deposit to the county treasurer, unless otherwise ordered by a court. However, that Act has been repealed. *See* Section 2(a)[1463] of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. § 20002(a)[1463].

██ This subject matter is now governed by general rules, as is indicated in Section 3561 of the Judicial Code, which provides in pertinent part:

All money paid into court shall be held in the custody of such officer, shall be *invested* in such manner, and shall be withdrawn from deposit, as shall be prescribed by general rules....

42 Pa.C.S. § 3561 (emphasis added). A "[g]eneral rule" is defined as a "rule or order promulgated by the governing authority." 42 Pa.C.S. § 102. The "[g]overning authority" is defined as "[t]he Supreme Court; or ... any agency or unit of the unified judicial system exercising a power or performing a duty pursuant to [powers delegated to it.]" 42 Pa.C.S. § 102.

The rules regarding bail in criminal proceedings are found at Pa.R.Crim.P. 4001–4017. Pa.R.Crim.P. 4006 provides for the types of bail that may be posted which include, *inter alia,* currency. The only general rule promulgated by our Supreme Court governing the handling of bail money is Pa.R.Crim.P. 4015(a) which provides:

(a) The issuing authority or the clerk of the court who takes the deposit of bail other than a surety bond, shall

furnish to the depositor an itemized receipt of such bail, and note on the transcript or docket the amount deposited, and by whom deposited. *When the issuing authority takes such deposit of bail, he shall deliver it with the transcript to the clerk of the court, who shall place such deposit in a bank or other depository approved by the court and keep proper records thereof. Upon full and final disposition of the case, the issuing authority or the clerk of the court shall return the deposit promptly after twenty (20) days, less any fees or commissions authorized by law.*

(Emphasis added.) This rule clearly specifies that only the amount of the bail deposit should be returned less any fees or commissions. We must conclude that in promulgating this rule the Supreme Court did not intend the party posting bail to receive any more in return than was deposited. No general rule or statute requires the payment of interest to any party who posts cash as bail.[4]

The Crums cite to Section 1 of the Act of June 18, 1982, P.L. 547, 42 Pa.C.S. § 21061, and submit that it does not provide for the collection of interest on bail by the clerk of courts or prothonotary. Therefore, the Crums contend that the Prothonotary had no right to earn interest on bail or retain it. The Section cited provides a list of fees charged for services performed by the court officer such as the filing of papers, administrative costs and the handling of money paid into the court. There is no reference to interest on bail or the deposit of bail money in that Section.

 ·The deposit of bail money in a bank or other court-approved depository is mandated by Pa.R.Crim.P. 4015(a). The language of this rule as well as that contained in 42 Pa.C.S. § 3561 which refers to the *investment* of monies by a court officer, permits a reasonable inference that the earning of interest on bail was contemplated by the drafters. The law is silent about the disposition of interest once

---

**4.** Amendment to the rules governing bail to include an explicit directive as to the disposition of interest earned on bail would be prudent.

earned. We are troubled by the lack of such a directive but we recognize that in the procedural context of this case we must accept all well pleaded facts in the Crums' complaint as true and ascertain whether a cause of action has been stated. The Crums have pleaded that the Prothonotary deposits the interest earned on bail with the County. Accepting that as true, there remains no statutory or common law basis upon which the Crums may assert a right to receive the interest. We disagree with the Crums' assertion that the Prothonotary has the burden to prove the right to retain interest on bail or deposit it with the County. The Crums, who initiated this action seeking damages, carried the burden to prove entitlement to the interest. They have failed to do so.

Finally, the Crums contend that the Prothonotary acts as a fiduciary and has a fiduciary duty to all of those persons who have deposited cash for bail. In *Schilb v. Kuebel*, 404 U.S. 357, 367, 92 S.Ct. 479, 485–86, 30 L.Ed.2d 502 (1971), the United States Supreme Court stated that "one who deposits the full amount of his bail in cash is dispossessed of a productive asset throughout the period of deposit; presumably, at least, its interim possession by the State accrues to the benefit of the State." In its previous decision in *Commonwealth v. Crum*, 39 Pa.D. & C.3d 5 (1985), the trial court agreed with the U.S. Supreme Court's statement in *Schilb*. The difficulties attendant to requiring the prothonotary to act as a broker or surety of funds deposited by criminal defendants were also recognized by the trial court. Although this Court is not bound by the trial court's decision in *Crum*, we recognize its inherent wisdom and embrace its reasoning.

The Crums have failed to plead any statutory or common law basis for relief. We are unable to ascertain any right to recovery. Accordingly, we affirm the decision of the trial court.

SMITH, J., dissents.

556

## ORDER

AND NOW, this 31st day of January, 1990, the order of the Court of Common Pleas of Lycoming County in the above-captioned matter is affirmed.