RULE 528.  MONETARY CONDITION OF RELEASE ON BAIL.

(A)  If the bail authority determines that it is necessary to impose a monetary condition of bail, to determine the amount of the monetary condition, the bail authority shall consider:

(1)  the release criteria set forth in Rule 523; and

(2)  the financial ability of the defendant.

(B)  The amount of the monetary condition shall be reasonable.

(C)  After determining the amount of the monetary condition, the bail authority may permit the deposit of a sum of money not to exceed 10% of the full amount of the monetary condition if he or she determines that such a deposit is sufficient to ensure the defendant's appearance and compliance.

(D)  One or a combination of the following forms of security shall be accepted to satisfy the full amount of the monetary condition:

(1)  Cash or when permitted by the local court a cash equivalent.

(2)  Bearer bonds of the United States Government, of the Commonwealth of Pennsylvania, or of any political subdivision of the Commonwealth, in the full amount of the monetary condition, provided that the defendant or the surety files with the bearer bond a sworn schedule which shall verify the value and marketability of such bonds, and which shall be approved by the bail authority.

(3)  Realty located anywhere within the Commonwealth, including realty of the defendant, as long as the actual net value is at least equal to the full amount of the monetary condition.  The actual net value of the property may be established by considering, for example, the cost, encumbrances, and assessed value, or another valuation formula provided by statute, ordinance, or local rule of court. Realty held in joint tenancy or tenancy by the entirety may be accepted provided all joint tenants or tenants by the entirety execute the bond.

(4)  Realty located anywhere outside of the Commonwealth but within the United States, provided that the person(s) posting such realty shall comply with all reasonable conditions designed to perfect the lien of the county in which the prosecution is pending.

(5)  The surety bond of a professional bondsman licensed under the Judicial Code, 42 Pa.C.S. §§ 5741-5749, or of a surety company authorized to do business in the Commonwealth of Pennsylvania.

1

(E)  The bail authority shall record on the bail bond the amount of the monetary condition imposed and the form of security that is posted by the defendant or by an individual acting on behalf of the defendant or acting as a surety for the defendant.

**(F)  Except as limited in Rule 531, the defendant or another person may deposit the cash percentage of the bail.  If the defendant posts the money, the defendant shall sign the bond, thereby becoming his or her own surety, and is liable for the full amount of bail if he or she fails to appear or to comply.  When a person other than the defendant deposits the cash percentage of the bail, the clerk of courts or issuing authority shall explain and provide written notice to that person that:**

**1)  if the person agrees to act as a surety and signs the bail bond with the defendant, the person shall be liable for the full amount of bail if the defendant fails to appear or comply; or**

**2)  if the person does not wish to be liable for the full amount of bail, the person shall be permitted to deposit the money for the defendant to post, and will relinquish the right to make a subsequent claim for the return of the money pursuant to these rules.  In this case, the defendant would be deemed the depositor, and only the defendant would sign the bond and be liable for the full amount of bail.**

**3) Pursuant to Rule 535(E), if the bail was deposited by or on behalf of the defendant and the defendant is the named depositor, the amount otherwise returnable to the defendant may be used to pay and satisfy any outstanding restitution, fees, fines, and costs owed by the defendant as a result of a sentence imposed in the court case for which the deposit is being made.**

> COMMENT:  Nothing in this rule precludes the bail authority from releasing the defendant on an unsecured bail bond whereby the defendant, upon executing the bail bond, binds himself or herself to be liable for an amount of money in the event the defendant fails to appear or to comply with the conditions of the bail bond.  Although this is a monetary condition, no actual security or money is deposited as a condition of the release.  *See* Rule 524(C)(3) for the definition of unsecured bail bond.
>
> The bail authority may impose a monetary condition in addition to nonmonetary conditions if a combination of such conditions is necessary to reasonably ensure the

defendant's appearance and compliance. For example, a defendant could be released conditioned upon posting a certain amount of money and subject to the supervision of a designated probation department or bail agency, or a designated person or private organization. The supervisor would maintain close contact with the defendant, assist the defendant in making arrangements to appear in court, and, if appropriate, accompany the defendant to court. In addition, the bail authority could require that the supervisor also be a surety for the full amount of the monetary condition so that the supervisor would be financially responsible if the defendant failed to appear.

Paragraph (C) requires that in all cases, the bail authority must consider whether a defendant should be permitted to deposit a percentage of the cash bail.

Nothing in this rule changes the practice of permitting the judicial districts to require by local rule the use of percentage cash bail.

When the bail authority determines that it is appropriate to accept a percentage of the cash bail, the defendant, or an individual acting on behalf of the defendant or acting as a surety for the defendant, may make the deposit with the clerk of courts or the issuing authority. *See* Rule 535.

When the bail authority authorizes the deposit of a percentage of the cash bail, the defendant may satisfy the monetary condition by depositing, or having an individual acting as a surety on behalf of the defendant deposit, the full amount of the monetary condition. For example, there may be cases in which the defendant does not have the cash to satisfy the percentage cash bail, but has some other form of security, such as realty. In such a case, the defendant must be permitted to execute a bail bond for the full amount of the monetary condition and deposit one of the forms or a combination of the forms set forth in paragraph (D).

If a percentage of the cash bail is accepted pursuant to these rules, when the funds are returned at the conclusion of the defendant's bail period, the court or bail agency may retain as a fee an amount reasonably related to the cost of

administering the cash bail program.  *See Schilb v. Kuebel,* 404 U.S. 357 (1971).

**[Except as limited in Rule 531 (Qualifications of Surety), the defendant or another person, such as a relative or neighbor, may deposit the cash percentage of the bail.  If the defendant posts the money, the defendant must sign the bond, thereby becoming his or her own surety, and is liable for the full amount of bail if he or she fails to appear or to comply.  When someone other than the defendant deposits the cash percentage of the bail, the clerk of courts or issuing authority must explain to that person that:**

> **1)  if the person agrees to act as a surety and signs the bail bond with the defendant, the person will be liable for the full amount of bail if the defendant fails to appear or comply; or**

> **2)  if the person does not wish to be liable for the full amount of bail, the person will be permitted to deposit the money for the defendant to post, and will relinquish the right to make a subsequent claim for the return of the money pursuant to these rules.  In this case, the defendant would be deemed the depositor, and only the defendant would sign the bond and be liable for the full amount of bail. *See* Rule 535.]**

**<u>Paragraph (F), which formerly was included in the *Comment,* was added to the rule in 2014 to clarify the manner in which the defendant or a third party may act as a surety for the defendant's bond.  The rule now requires that written notice be given to the person posting the bail, especially a third party, of the possible consequences if the defendant receives a sentence that includes restitution, a fine, fees, and costs. *See also* Rule 535 for the procedures for retaining bail money for satisfaction of outstanding restitution, fines, fees, and costs.</u>**

The defendant must be permitted to substitute the form(s) of security deposited as provided in Rule 532.

The method of valuation when realty is offered to satisfy the monetary condition pursuant to paragraphs (D)(3) and (D)(4) is determined at the local level. If no satisfactory basis exists for valuing particular tracts of offered realty, especially tracts located in remote areas, acceptance of that realty is not required by this rule.

NOTE: Former Rule 4007 adopted July 23, 1973, effective 60 days hence, replacing prior Rule 4013; amended January 28, 1983, effective July 1, 1983; rescinded September 13, 1995, effective January 1, 1996, and replaced by Rule 4011. Present Rule 4007 adopted September 13, 1995, effective January 1, 1996. The January 1, 1996 effective dates extended to April 1, 1996; the April 1, 1996 effective dates extended to July 1, 1996 ; renumbered Rule 528 and amended March 1, 2000, effective April 1, 2001; amended September 21, 2012, effective November 1, 2012**[.]** **; amended December 8, 2014, effective February 9, 2015.**

\* \* \* \* \* \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Final</u> <u>Report</u> explaining the provisions of the new rule published with Court's Order at 25 <u>Pa.B.</u> 4116 (September 30, 1995).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final</u> <u>Report</u> explaining the September 21, 2012 amendment correcting a typographical error in paragraph (A)(1) published with the Court's Order at 42 <u>Pa.B.</u> 6247 (October 6, 2012).*

*<u>Final Report explaining the December 8, 2014 amendment providing for the advice required to be given concerning possible forfeiture of the deposit published with the Court's Order 44 Pa.B. (_____, 2014).</u>*

RULE 535.  RECEIPT FOR DEPOSIT; RETURN **OR RETENTION** OF DEPOSIT.


(A)  Any deposit of cash in satisfaction of a monetary condition of bail shall be given to the issuing authority, the clerk of courts, or another official designated by the president judge by local rule pursuant to Rule 117(C).  The issuing authority, clerk, or other official who accepts the deposit shall give the depositor an itemized receipt, and shall note on the bail bond the amount deposited and the name of the person who made the deposit.  The defendant shall sign the bail bond, and be given a copy of the signed bail bond.

(1)  When the issuing authority accepts a deposit of bail, the issuing authority shall note on the docket transcript the amount deposited and the name of the person who made the deposit.  The issuing authority shall have the deposit, the docket transcript, and a copy of the bail bond delivered to the clerk of courts.

(2)  When another official is designated by the president judge to accept a bail deposit, that official shall deliver the deposit and the bail bond to either the issuing authority, who shall proceed as provided in paragraph (A)(1), or the clerk of courts, who shall proceed as provided in paragraph (A)(3).

(3)  When the clerk of courts accepts the deposit, the clerk shall note in the list of docket entries the amount deposited and the name of the person who made the deposit, and shall place the bail bond in the criminal case file.

**[(4) At the time bail is being deposited, no inquiry shall be made of the depositor whether he or she consents to have the deposit retained to be applied toward the defendant's fines, costs, or restitution, if any. ]**

(B)  When the deposit is the percentage cash bail authorized by Rule 528, the depositor shall be notified that by signing the bail bond, the depositor becomes a surety for the defendant and is liable for the full amount of the monetary condition in the event the defendant fails to appear or comply as required by these rules **and that, if the defendant is the named depositor, the amount otherwise returnable may be used to pay and satisfy any outstanding restitution, fees, fines, and costs owed by the defendant as a result of a sentence imposed in the court case for which the deposit is being made**.

(C)  The clerk of courts shall place all cash bail deposits in a bank or other depository approved by the court and shall keep records of all deposits.

(D)  **Unless a motion is filed pursuant to paragraph (E),** **[W]w**ithin 20 days of the full and final disposition of the case, the deposit shall be returned to the depositor, less any bail-related fees or commissions authorized by law, and the reasonable costs, if any, of administering the percentage cash bail program.

6

**(E)  In any case in which the defendant is the named depositor, upon the full and final disposition of the case, the court may order, upon motion of the attorney for the Commonwealth, that any money deposited pursuant to this rule by or on behalf of the defendant that is otherwise returnable to the defendant be held and applied to the payment of any restitution, fees, fines, and costs imposed upon the defendant in the case for which the deposit had been made, unless the defendant shows that he or she would suffer an undue hardship.**

**[(E)] (F)** When a case is transferred pursuant to Rule 130(B) or Rule 555, the full deposit shall be promptly forwarded to the transfer judicial district, together with any bail-related fees, commissions, or costs paid by the depositor.

> COMMENT: When the president judge has designated another official to accept the bail deposit as provided in Rule 117, the other official's authority under Rule 117 and this rule is limited to accepting the deposit, having the defendant sign the bail bond, releasing the defendant, and delivering the bail deposit and bail bond to the issuing authority or the clerk of courts.
>
> **[Paragraph (A) was amended in 2006 to make it clear that the clerk of courts or other official accepting a deposit of cash bail is not permitted to request that the depositor agree to have the cash bail deposit retained after the full and final disposition of the case to be applied toward the payment of the defendant's fines, costs, or restitution, if any.  *See, e.g., Commonwealth v. McDonald*, 476 Pa. 217, 382 A.2d 124 (Pa. 1978), which held that a deposit of cash to satisfy a defendant's monetary bail condition that is made by a person acting as a surety for the defendant may not be retained to pay for the defendant's court costs and/or fines.]**
>
> **Paragraph (E) was added in 2014 to permit the attorney for the Commonwealth to seek, at the full and final disposition of any case in which the defendant is the named depositor of bail money, to have the deposited bail money applied to any restitution, fees, fines, and costs imposed on the defendant in the case for which the deposit had been made.  This new provision, adopted pursuant to the authority granted in 42 Pa.C.S. § 5702, is a procedural mechanism by which the court may retain money previously deposited with the court to satisfy the defendant's obligations but only in the**

**current criminal case. This procedure also secures the right of the defendant to proffer reasons why retention of the bail money would be an undue hardship.  *See Commonwealth v. McDonald,* 382 A.2d 124 (Pa. 1978).**

**The procedure stated in this rule is the only procedure by which bail may be retained to pay for assessments imposed on the defendant.  Any local practice that permits the retention of bail other than as provided in this rule is inconsistent with the statewide rules and subject to the provisions in Rule 105(B).**

**For the manner of distribution of any funds applied to the outstanding restitution, fees, fines, and costs owed by the defendant, see the Pennsylvania Supreme Court's Uniform Disbursement Schedule, *In Re: Promulgation of Financial Regulations Pursuant to Act 49 of 2009 (42 Pa.C.S. §§ 3733(A.1) and 3733.1)*, No. 335 Judicial Administration Docket (October 29, 2009), 204 Pa. Code § 29.353.**

**The procedures in paragraph (E) contemplate the decision to retain the bail to be made at the court of common pleas.  There may be court cases in which bail had been set that are resolved at the magisterial district court, for example, in cases in which a plea agreement is entered to withdraw misdemeanor or felony charges in exchange for a plea to summary charges or misdemeanor charges within the jurisdiction of the magisterial district judge.   In such cases, the magisterial district judge may not order the retention of bail money where the defendant is the named depositor for the payment of assessments unless the Commonwealth and the defendant agree.**

**Any order issued pursuant to paragraph (E) shall be in conformance with Rule 114.**

Given the complexities of posting real estate to satisfy a monetary condition of release, posting of real estate may not be feasible outside the normal business hours.

Paragraph (B) requires the issuing authority or the clerk of courts who accepts a percentage cash bail deposit to explain

8

to the person who deposits the money the consequences of acting as a surety.  There will be cases in which a person merely deposits the money for the defendant to post, and is not acting as the defendant's surety.  In this situation, the defendant is the depositor and should receive the receipt pursuant to paragraph (A).  *See* Rule 528. ***See also* Rule 528 for the notice the clerk of courts or issuing authority must provide when a person other than the defendant deposits the cash percentage of the bail.**

When cash bail that is deposited in a bank pursuant to paragraph (C) is retained by a county in an interest-bearing account, case law provides that the county retains the earned interest. *See Crum v. Burd*, **[131 Pa.Cmwlth. 550,]** 571 A.2d 1 (**Pa.Cmwlth.** 1989), *allocatur* denied **[525 Pa. 649,]** 581 A.2d 574 (**Pa.** 1990).

The full and final disposition of a case includes all avenues of direct appeal in the state courts.  Therefore, the return of any deposits would not be required until after either the expiration of the appeal period or, if an appeal is taken, after disposition of the appeal.  *See* Rule 534.

Any fees, commissions, or costs assessed pursuant to paragraph (D) must be reasonably related to the county's actual bail administration costs.  Each county should establish local procedures to ensure adequate notice and uniform application of such fees, commissions, or costs. *See, e.g., Buckland v. County of Montgomery*, 812 F.2d 146 (3rd Cir. 1987).

When a case is transferred pursuant to Rules 130(B) and 555, paragraph **[(E)] (F)** and Rules 130(B) and 555 require that any bail-related fees, commissions, or costs collected pursuant to paragraph (D) be forwarded to the transfer judicial district.  Fees, commissions, or costs that have been assessed but not paid at the time of transfer may not be collected in the transferring judicial district.

When bail is terminated upon acceptance of the defendant into an ARD program, such action constitutes a "full and final disposition" for purposes of this rule and Rule 534 (Duration of Obligation).  *See* Rule 313.

NOTE: Former Rule 4015, previously Rule 4009, adopted November 22, 1965, effective June 1, 1966; renumbered Rule 4015, former paragraph (b) integrated into paragraph (a) and new paragraph (b) adopted July 23, 1973, effective 60 days hence; rescinded September 13, 1995, effective January 1, 1996, and replaced by present Rule 4015. Present Rule 4015 adopted September 13, 1995, effective January 1, 1996. The January 1, 1996 effective dates extended to April 1, 1996; the April 1, 1996 effective dates extended to July 1, 1996; renumbered Rule 535 and amended March 1, 2000, effective April 1, 2001; amended April 20, 2000, effective July 1, 2000; amended March 3, 2004, effective July 1, 2004; amended June 30, 2005, effective August 1, 2006; amended March 9, 2006, effective August 1, 2006 **[.] ; amended December 8, 2014, effective February 9, 2015.**

\*       \*       \*       \*       \*       \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the provisions of the new rule published with Court's Order at 25 Pa.B. 4116 (September 30, 1995).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining new paragraph (E) concerning the interplay with Rules 130(B) (former Rule 21(B)) and 555 (former Rule 300) published with Court's Order at 30 Pa.B. 2219 (May 6, 2000).*

*Final Report explaining the March 3, 2004 changes to paragraph (A) published with Court's Order at 34 Pa.B. 1561 (March 20, 2004).*

*Final Report explaining the June 30, 2005 changes to the rule correlative to new Rule 117 published with the Court's Order at 35 Pa.B. 3911 (July 16, 2005).*

*__Final__ __Report__ explaining the March 9, 2006 changes to paragraph (A) concerning deposits of bail published with the Court's Order at 36 __Pa.B.__ 1397 (March 25, 2006).*

*__Final Report explaining the December 8, 2014 changes concerning defendant's deposits of bail to be applied to restitution, fees, fines, and costs in the current case published with the Court's Order 44 Pa.B. (_____, 2014).__*