J-S09020-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEONARD W. BOCCHICCHIO | : | |
| | : | |
| Appellant | : | No. 805 WDA 2018 |

Appeal from the Judgment of Sentence April 27, 2018
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000486-1982

BEFORE:  PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                FILED MARCH 18, 2019

Leonard W. Bocchicchio appeals from his judgment of sentence, entered in the Court of Common Pleas of Blair County, following his convictions of first-degree murder [1] and robbery.[2]  Bocchicchio, a juvenile at the time of the crime, was tried and convicted by a jury in 1983 and was sentenced to the mandatory term of life imprisonment without the possibility of parole.  That sentence was vacated pursuant to Miller v. Alabama, 567 U.S. 460 (2012), and Commonwealth v. Batts, 66 A.3d 286 (Pa. 2013).  Following a re-sentencing hearing, Bocchicchio was sentenced to a term of 35 years' to life incarceration, followed by a consecutive sentence of 24 to 48 months' confinement for his robbery conviction.  Upon careful review, we affirm.

_____

[1] 18 Pa.C.S.A. § 2502(a).

[2] 18 Pa.C.S.A. § 3701(1)(i).

_____

*  Retired Senior Judge assigned to the Superior Court.

We briefly recount the underlying facts of this matter. On December 6, 1980, Bocchicchio and four others met at the Station Mall in Altoona and decided to "cruise" around in one person's car. They stopped at the Penn Classic Bowling Lanes to allow a 15-year-old girl in the car to call her mother and provide her whereabouts. Because it was after 11 p.m., Bocchicchio accompanied the young woman into the bowling alley because she was reluctant to enter alone given the late hour. Upon entering, the young woman asked the bowling alley's owner, Elwood Figard, if she could use the telephone. Figard led her to a room behind the counter to use the telephone. After being unable to reach her mother, the young woman exited the room and, while walking towards the exit, observed Bocchicchio throw a bowling ball at Figard's head. She then observed Bocchicchio run behind the counter to where Figard lay, raise his hand over his head, and bring it down towards Figard's head. See Trial Court Opinion, 5/6/87, at 1-2); N.T. Re-Sentencing, 4/25/18, at 7-9.[3]

A few minutes after the young woman exited the bowling alley, Bocchicchio came running from the bowling alley's exit with a bowling ball in his hands, which he then threw into a nearby grassy area. Bocchicchio then returned to the car and made a statement that the group should leave because he had just killed a man. During the ride back to Altoona, Bocchicchio began

_____

[3] At the re-sentencing hearing, the Honorable Elizabeth A. Doyle incorporated into the record the Opinion of the original trial court.

counting money from a moneybag and offered to share the proceeds with the car's other occupants. See N.T. Re-Sentencing, 4/25/18, at 7-9.

On April 8, 1983, a jury found Bocchicchio guilty of the above offenses. On April 9, 1983, the jury recommended a sentence of life imprisonment without the possibility of parole for first-degree murder. Bocchicchio filed post-trial and supplemental post-trial motions. While these motions were pending, the original trial judge resigned from the bench in December 1986. The case was then assigned to the Honorable Bertram B. Leopold, who denied Bocchicchio's post-trial motions on May 6, 1987. After the death of Judge Leopold in July 1987, the Honorable Thomas G. Peoples, President Judge of the Court of Common Pleas of Blair County, sentenced Bocchicchio to life imprisonment for the first-degree murder conviction, and a consecutive sentence of 10 to 20 years' imprisonment for robbery.

As noted above, Bocchicchio's initial sentence for first-degree murder, life imprisonment without the possibility of parole, was vacated as unconstitutional pursuant to Miller. On April 26, 2018, the sentencing court imposed a new sentence of 35 years' to life imprisonment for first-degree murder and a consecutive term of 24 to 48 months' confinement for robbery. On May 2, 2018, Bocchicchio filed a pro se motion to modify sentence, arguing that the sentence imposed for his robbery conviction was illegal because it should have merged with his sentence for first-degree murder. On May 3, 2018, the sentencing court denied Bocchicchio's motion. On May 29, 2018, Bocchicchio filed a notice of appeal. On May 30, 2018, the sentencing court

ordered Bocchicchio to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal and he timely complied.

Bocchicchio raises the following issue on appeal: "Did the sentencing court err in sentencing [Bocchicchio] to a term of 24 to 48 months' [imprisonment for robbery], to run consecutive to his [life] sentence for first-degree murder." Brief of Appellant, at 4.

Before we may reach the merits of Bocchicchio's appeal, we must first determine if his sole issue was preserved for appellate review pursuant to Rule 1925(b). In its August 6, 2018 opinion, the trial court observed Bocchicchio "does not state in what way the trial court's sentence is an illegal sentence. If the trial court were to attempt to address this claim, it would have to speculate upon the legal theory" that forms the basis for Bocchicchio's claim. Trial Court Opinion, 8/6/18, at 3. The issue as stated in Bocchicchio's Rule 1925(b) statement is as follows: the "trial court erred in sentencing [Bocchicchio] to a term of 24 to 48 months' [confinement] for his robbery conviction, said sentence was to run consecutive to sentence for murder, because it was an illegal sentence." Id. The trial court went on to address Bocchicchio's claim, finding imposition of a consecutive sentence appropriate, and finding no illegality with respect to merger.

First, Bocchicchio appears to contend the trial court erred in imposing consecutive sentences. Such a claim challenges the discretionary aspects of his sentence. There is no absolute right to appeal the discretionary aspects of a sentence. Commonwealth v. Mouzon, 812 A.2d 617, 621 (Pa. 2002).

Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

Commonwealth v. Buterbaugh, 91 A.3d 1247, 1265-66 (Pa. Super. 2014). Bocchicchio has complied with these requirements.[4]

Allowance of an appeal raising such a claim will be granted only when the appellate court with initial jurisdiction over such claims determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code. Mouzon, 812 A.2d at 621. A substantial question exists only when the "appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Commonwealth v. McNabb, 819 A.2d 54, 55-56 (Pa. Super. 2003). However, we will find that a substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. Id. at 56.

_____

[4] Here, Bocchicchio did not file a Pa.R.A.P. 2119(f) statement in his brief, but the Commonwealth has not objected. Accordingly, we decline to find Bocchicchio's discretionary claim waived on that basis. See Commonwealth v. Krum, 533 A.2d 134, 138-139 (Pa. Super. 1987) (en banc).

Here, Bocchicchio has failed to raise a substantial question to invoke this Court's jurisdiction over the discretionary aspects of his sentence. A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. See Commonwealth v. Mastromarino, 2 A.3d 581, 587 (Pa. Super. 2010). Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." Commonwealth v. Lamonda, 52 A.3d 365, 372 (Pa. Super. 2012).

Even if we were to reach the merits of this claim, we would find no abuse of discretion. This Court has held that when imposing a sentence, the sentencing court "must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, protection of the public, gravity of the offense in relation to impact on victim and community, and rehabilitative needs of the defendant. And, of course, the court must consider the sentencing guidelines." Commonwealth v. Fullin, 892 A.2d 843, 847-48 (Pa. Super. 2006).

Bocchicchio was re-sentenced for his convictions of first-degree murder and robbery. The sentencing court heard testimony from Bocchicchio, inmates previously incarcerated with Bocchicchio, guards responsible for supervising Bocchicchio, a report from a defense psychologist stating that Bocchicchio has a low propensity for future violence, and a detailed account of his family

history, including childhood abuse, and intellectual capacity. Specifically, the sentencing court stated the following:

> [Bocchicchio] brutally murdered a 75-year-old man with a bowling ball and stole his money. There can be no more serious crime. In mitigation, [Bocchicchio] committed this crime when he was 17-years-old. The expert witness testified that the human brain is not fully formed until the age of 25. Further, [Bocchicchio] was sexually and physically abused by his stepfather who also accompanied him in many robberies.
>
> Also, the [sentencing court] finds that in considering the facts of the offense, the murder, the fact that a bowling ball was used mitigates for [Bocchicchio] in that it argues against premeditation; [he] didn't have a weapon in the car that he carried into the bowling alley to use on the victim[.]
>
> So in crafting this sentence, the [c]ourt has taken into account all the material presented in the sentencing proceeding; all the content of all exhibits; the case law previously cited by the court; the testimony of Mr. Bocchicchio which the [c]ourt also takes as allocution by Mr. Bocchicchio . . . the [c]ourt sentence will be based on all of the above and the [c]ourt's belief that the sentences of incarceration for Mr. Bocchicchio are not merely punitive, but instead are rehabilitative and can continue to be rehabilitative and prepare him for eventual release.

N.T. Sentencing, 4/26/18, at 39-42. Regarding the consecutive sentence for the robbery conviction, the sentencing court stated the "Commonwealth thought in sentencing separately on the robbery is that [it] was a separate offense, you know there was a murder committed and there was the robbery committed and the [c]ourt finds that it's appropriate to pronounce sentence on both of them[.]" Id. at 44. The sentencing court placed significant reasons on the record that informed the basis for the sentence.

Second, Bocchicchio avers the sentencing court imposed an illegal sentence because his robbery conviction should have merged with his first-degree murder conviction for sentencing purposes. This claim is a challenge to the legality of his sentence. For the following reasons, Bocchicchio is entitled to no relief.

Crimes do not merge unless they arise from a single criminal act and all the statutory elements of one offense are included in the elements of the other. Commonwealth v. Williams, 920 A.2d 887, 889 (Pa. Super. 2007); 42 Pa.C.S.A. § 9765. A review of the criminal statutes under which Bocchicchio was convicted reveals no errors. It is not the case that all of the statutory elements of first-degree murder are included in the statutory elements of robbery, as would be required for merger. See Commonwealth v. Baldwin, 985 A.2d 830, 833 (Pa. 2009). First-degree murder occurs when "(1) a human being was unlawfully killed; (2) the defendant was responsible for the killing; and (3) the defendant acted with malice and a specific intent to kill." Commonwealth v. Martin, 101 A.3d 706, 718 (Pa. 2014). A person is guilty of robbery if "in the course of committing a theft, he . . . inflicts serious bodily injury upon another." 18 Pa.C.S.A. § 3701(a)(1)(i).

A conviction for first-degree murder does not require proof that a defendant intended to commit a theft and, conversely, the crime of robbery certainly does not require proof a human being was unlawfully killed. Our courts have consistently held the crimes of robbery and first-degree murder

do not merge for sentencing purposes. See Commonwealth v. Breakiron, 571 A.2d 1-35 (Pa. 1990); see also Commonwealth v. Harper, 499 A.2d 331, 337 (Pa. Super. 1985). Since the two crimes did not merge for sentencing purposes, the sentencing court did not impose an illegal sentence. Therefore, Bocchicchio is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2019